**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BENJAMIN THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-01199-SPM |
| | ) |
| RUG DOCTOR, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Benjamin Thurman's motion to proceed in forma pauperis and affidavit in support. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, for the reasons stated below, the Court will dismiss plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### The Amended Complaint

Plaintiff has filed this employment discrimination complaint against his former employer, Rug Doctor, claiming the company unlawfully discriminated against him based on his race and gender. He states that Rug Doctor hired him as a repair technician on September 28, 2020. He alleges that at some point his "personal information was displayed indirectly behind my back by coworkers." Am. Compl. at 5. He states he was given bad performance reviews and was "moved around and looked over." Without providing any details, he says, "I was later terminated because of my race and sexuality." *Id.* Later in the amended complaint, plaintiff states that he was written up and terminated for being "disruptive." *Id.* at 6.

Plaintiff states that on September 29, 2021, he noticed an alleged racially insensitive term a document of his. Additionally, he states he was subjected to six personal and sexual slur words behind his back. His brother Tony "mysteriously passed away," although it is unclear how the death of his brother relates to the terms of his employment at Rug Doctor. Plaintiff alleges he was given a special project, and felt isolated. He continued to hear coworkers talking about his personal life behind his back. Plaintiff also alleges he is being "surreptitiously, secretly, stalked, coerced,

targeted, and threaten[ed] workplace to workplace. . . . I have evidence of phone and cyberhacking, video and documents of everything. I have family and friends that have received threats, bribery, and personal pictures." *Id.* Plaintiff alleges these actions are still being committed by defendant, despite plaintiff having been fired three years ago.

Plaintiff has attached to his amended complaint pictures of text message streams, many of which are illegible. He has also attached a copy of his EEOC notice of right to sue letter, which was dated May 16, 2023.

For relief, plaintiff seeks counsel for his claims of personal injury, wrongful death, and stalking. He seeks an unspecified amount of damages and protective orders to prevent further harassment. Finally, he wants to press criminal charges against "the perpetrators." *Id.* at 7.

## Discussion

The Court finds that plaintiff's claims against Rug Doctor are subject to dismissal. This is the third case plaintiff has brought against Rug Doctor alleging the same claims. Both prior cases were dismissed on initial review. *See Thurman v. Rug Doctor*, No. 4:23-cv-659-SPM (E.D. Mo. Sept. 19, 2023) (*Thurman I*) (dismissing complaint under *Denton v. Hernandez*, 504 U.S. at 33, as frivolous and for failure to state a claim upon which relief may be granted) and *Thurman v. Rug Doctor*, No. 4:24-cv-810-SPM (E.D. Mo. Jun. 13, 2024) (*Thurman 2*) (finding *Thurman 1* dismissal has res judicata effect and dismissing complaint as frivolous).

Additionally, pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, again, plaintiff's factual allegations rise to the level of "fanciful," "fantastic," and "delusional." *See Denton* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). Thus, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim and for frivolousness. *See* 28 U.S.C. §1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for an expedited ruling and motion to appoint counsel are **DENIED as moot**. [ECF No. 6]

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 9th day of October, 2024.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE